United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 19, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-41281
Summary Calendar

UNITED STATES OF AMERICA
Plaintiff-Appellee,

versus

JAIME GARCIA-SANCHEZ,
true name Gumaro Hernandez-Mar
Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

(5:04-CR-767)

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jaime Garcia-Sanchez appeals his 30-month sentence for being an alien who was unlawfully found in the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b). Garcia challenges that constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be alleged in the indictment and found by a jury, in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Garcia's constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1998).  Although Garcia contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule it in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding.  *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2000).  Garcia properly concedes that his argument is foreclosed, but he raises it here to preserve for further review.  Accordingly, Garcia's conviction is affirmed.

Garcia also contends that his sentence must be vacated and his case remanded for resentencing because the district court erred by sentencing him under a mandatory Sentencing Guidelines regime, in light of *United States v. Booker*, 543 U.S. 220 (2005).  Garcia preserved this contention at the district court; thus, the government must prove beyond a reasonable doubt that the district court would have imposed the same sentence had the Guidelines been advisory.  *See United States v. Walters*, 418 F.3d 461, 463-64 (5th Cir. 2005).  Here, the sentencing transcript is silent with regard to whether the district court would have imposed the same sentence had the Guidelines been advisory.  As such, the government cannot show that the error was harmless beyond a reasonable doubt.

Accordingly, we REMAND to the district court to allow the district court to resentence Garcia-Sanchez if, in its discretion under the now-advisory Guidelines, it chooses to do so.

2

CONVICTION AFFIRMED; REMANDED FOR RESENTENCING.